IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

JAMIE HOLLINS                                                                                    PLAINTIFF
ADC #129965

V.                                              1:10CV00032 BSM/HDY

MELVIN NANCE *et al.*                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, currently incarcerated at the Wrightsville Unit of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on May 7, 2010. Now pending is a motion for summary judgment filed by Defendant Jennifer Horn, along with a brief in support and statement of facts (docket entries #22-#24). Plaintiff has also filed a motion for summary judgment (docket entry #19), to which Horn has responded (docket entry #25). Plaintiff has not responded to Horn's motion, despite being granted additional time to do so (docket entry #31). Because Plaintiff failed to exhaust his administrative remedies with respect to Horn, Horn's motion for summary judgment should be granted.

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

In his complaint, Plaintiff alleged that a prison physician refused to provide him appropriate treatment for foot and leg problems. Plaintiff apparently named Horn as a Defendant because she responded to grievances he filed regarding the issue. Horn, adopting the motion for summary judgment filed by former Defendant Melvin Nance, claims she is entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies against her.[1]

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully

---

[1] On August 16, 2010, United States District Judge Brian S. Miller entered an order granting Nance's motion for summary judgment (docket entry #29).

completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of her motion, Horn has provided the declaration of Charlotte Gardner, the ADC's medical grievance investigator, who maintains records relating to appeals of medical grievances. According to Gardner, Plaintiff did not appeal any grievances to the deputy director from November 18, 2009, through June 8, 2010 (docket entry #10, exhibit B). Prison grievance policy requires an appeal to the deputy director to achieve exhaustion (docket entry #10, exhibit A, pages #10-#12 & #17). Plaintiff has offered nothing to contradict Gardner's declaration. No material facts remain in dispute, and Horn is entitled to summary judgment due to Plaintiff's failure to exhaust his claims against her. Because Horn is entitled to summary judgment due to Plaintiff's failure to exhaust any administrative remedies regarding his complaints against her, further consideration of the claims raised in the complaint is inappropriate, and Plaintiff's motion for summary judgment should be denied.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motion for summary judgment filed by Defendant Jennifer Horn (docket entry #22) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's motion for summary judgment (docket entry #19) be DENIED.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   17   day of September, 2010.

UNITED STATES MAGISTRATE JUDGE